**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmed Mohammed,<br><br>  Plaintiff,<br><br>v.<br><br>USCIS National Benefit Center,<br><br>  Defendant. | No. CV-19-00149-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed in forma pauperis. (Doc. 2). Because Plaintiff's expenses exceed his income, the Court will grant the application. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).

### A. 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with

the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

**B. Rule 8, Federal Rules of Civil Procedure**

A claim must be stated clearly enough to enable a defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

In order to assist litigants to understand the Rule 8(e) requirements that averments "be simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides samples in an Appendix of Forms, which are "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). An example is Form 9 (Complaint for Negligence):

1. Allegation of jurisdiction
2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.
3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
4. Wherefore plaintiff demands judgment against defendant in the sum of ___ dollars and costs.

*Id*. "This complaint fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery. It can be read in seconds and answered in minutes." *Id*. In addition, to satisfy Rule 8, each claim must be stated in a separate count. *Bautista v. Los Angeles*, 216 F.3d 837, 840-41 (9th Cir. 2000).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-*3 (D. Ariz. 2005).

In this case, the totality of Plaintiff's allegations are: "My case for naturalization (N-400) is pending[.] I submit[ed] an application [on] 12/30/2016 till [sic] now. I am out of pro[c]essing time[.]" This allegation fails to state a claim.

As indicated above, Plaintiff will be given leave to amend. If Plaintiff chooses to amend, he must state what Defendant has done that is actionable and what relief he is seeking. This Court suspects Plaintiff is seeking to compel Defendant to process his application,[1] but the Court cannot find that Plaintiff states a claim based on something the

---

[1] *See Sidhu v. Chertoff,* No. 1:07CV1188AWISMS, 2008 WL 540685, at *5 (E.D. Cal. Feb. 25, 2008) ("The court agrees with other District Court Judges in the Eastern District of California and finds that CIS has a non-discretionary duty to act on applications before it by processing them.")

Court suspects.

Based on the foregoing,

**IT IS ORDERED** that the application to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed without prejudice. Plaintiff may file an amended complaint by March 11, 2019. If Plaintiff does not file an amended complaint by March 11, 2019, the Clerk of the Court shall (without further order of this Court) enter judgment dismissing this case without prejudice.

Dated this 12th day of February, 2019.

James A. Teilborg
Senior United States District Judge